```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NIVEDITA KULKARNI, | | |
| | Plaintiff, | 22-CV-5735 (PAE) (BCM) |
| -against- | | |
| ACTAVIS GENERICS, et al., | | |
| | Defendants. | |
| NIVEDITA KULKARNI, | | |
| | Plaintiff, | 22-CV-5740 (PAE) (BCM) |
| -against- | | **ORDER** |
| HORIZON THERAPEUTICS PLC, et al., | | |
| | Defendants. | |

BARBARA MOSES, United States Magistrate Judge:

    Plaintiff, who is proceeding *pro se* in these related actions, alleges that she took a course of prednisone in 2019, after which she experienced episodes of shaking and muscle spasms that were ultimately diagnosed as a neurological disorder known as Functional Myoclonus, which still affects her, and which she believes was caused by the medication she took in 2019. In No. 22-CV-5735, plaintiff sues three generic pharmaceutical manufacturers on a failure-to-warn theory. In No. 22-CV-5740, she sues three different manufacturers on the same theory, stating in a letter that her second-filed suit is against "the brand name label." Pl. Ltr. dated Sept. 5, 2022 (Dkt. 8 in 22-CV-5735), at 2. Plaintiff explains that she took "the generic version" of the medication, manufactured by Actavis Generics (the first-named defendant in No. 22-CV-5735), but "given the complexity of the laws around bringing lawsuits against generic drugs vs. their brand name label, and given that I am a pro se litigant – I do not currently understand if I should be suing the brand name drug, the

1

generic drug, or both." *Id*. Plaintiff has not yet served a summons and complaint on any of the named defendants. Earlier today, the Court denied plaintiff's request to proceed *in forma pauperis*. (Dkt. 12 in No. 22-CV-5735; Dkt. 11 in No. 22-CV-5740.)

I now turn to plaintiff's request that the Court seek *pro bono* counsel to assist her in prosecuting her claims. In her application (Pro Bono Counsel App.) (Dkt. 10 in No. 22-CV-5735; Dkt. 9 in No. 22-CV-5740), plaintiff states that after calling approximately 30 products liability lawyers, she has not been able to find one willing to take her case. Pro Bono Counsel App. at 1. These lawyers told plaintiff that it is a very complicated case and will be difficult to prove. Plaintiff adds that she "would like a lawyer before I have to serve the defendants so that I have help with the process." *Id*. Plaintiff lists some of the law firms that declined her case. *Id*. at 2.

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Panjwani v. U.S. Sec. Assocs.*, 2014 WL 1870828, at *1 (S.D.N.Y. May 7, 2014) (quoting *Hodge*, 802 F.2d at 61) ("whether the indigent's position seems likely to be of substance" is the factor that "commands the most attention"). Thus, as noted on the application form that plaintiff filled out, "[R]equests for *pro bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at 1 (¶ 2). The Court must also be cognizant of the fact that volunteer

attorney time is a precious commodity and, thus, should not request that *pro bono* attorneys be appointed indiscriminately. *Cooper*, 877 F.2d at 172.

    Here, as noted above, the complaints have not even been served, much less tested on the merits. A more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's applications for the appointment of pro bono counsel are DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

Dated: September 30, 2022      **SO ORDERED**.
       New York, NY

_____
**BARBARA MOSES**
**United States Magistrate Judge**